**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, Suite 700   (973) 645-2700*
*Newark, New Jersey   07102*

July 12, 2018

John C. Whipple, Esq.
161 Madison Ave #325
Morristown, NJ 07960

Re:  Plea Agreement with CHRISTOPHER GOODSON

Dear Mr. Whipple:

This letter sets forth the plea agreement between your client, CHRISTOPHER GOODSON, and the United States Attorney for the District of New Jersey ("this Office"). This plea offer will expire if an executed copy is not received by this Office by 5 p.m. on July 23, 2018.

Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from CHRISTOPHER GOODSON to a one-count Information that charges that CHRISTOPHER GOODSON conspired to commit bank fraud, contrary to 18 U.S.C. § 1344, in violation of 18 U.S.C. § 1349. If CHRISTOPHER GOODSON enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against CHRISTOPHER GOODSON for conspiring with others to commit bank fraud through a mortgage fraud scheme that CHRISTOPHER GOODSON operated through his law firm between in or about January 2011 through in or about August 2017. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, CHRISTOPHER GOODSON agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by CHRISTOPHER GOODSON may be commenced against him, notwithstanding the expiration of the limitations period after CHRISTOPHER GOODSON signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1349 to which CHRISTOPHER GOODSON agrees to plead guilty carries a statutory maximum prison sentence of 30 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon CHRISTOPHER GOODSON is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence CHRISTOPHER GOODSON ultimately will receive.

Further, in addition to imposing any other penalty on CHRISTOPHER GOODSON, the sentencing judge: (1) will order CHRISTOPHER GOODSON to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order CHRISTOPHER GOODSON to pay restitution pursuant to 18 U.S.C. § 3663A; (3) may order CHRISTOPHER GOODSON, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (5) pursuant to 18 U.S.C. § 3583, may require CHRISTOPHER GOODSON to serve a term of supervised release of not more than 5 years, which will begin at the expiration of any term of imprisonment imposed. Should CHRISTOPHER GOODSON be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, CHRISTOPHER GOODSON may be sentenced to not more than 3 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on CHRISTOPHER GOODSON by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the

- 2 -

sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of CHRISTOPHER GOODSON's activities and relevant conduct with respect to this case.

<u>Stipulations</u>

This Office and CHRISTOPHER GOODSON agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or CHRISTOPHER GOODSON from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

As set forth in Schedule A, this Office and CHRISTOPHER GOODSON waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), CHRISTOPHER GOODSON agrees to forfeit to the United States all of his right, title, and interest in any property, real or personal, which constitutes or is derived from any proceeds the defendant obtained that are traceable, directly or indirectly, to the offenses charged in the Information. At or before sentencing, the government is prepared to show that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the amount of proceeds the defendant obtained from the crime charged in the Information (the "Forfeiture Amount"). The Forfeiture Amount will be determined by the Court prior to or at the time of sentencing, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

The defendant further consents to the entry of an order requiring the defendant to pay the Forfeiture Amount, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Forfeiture Amount in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

All payments made in full or partial satisfaction of the Order shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

CHRISTOPHER GOODSON waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the entry of the Order that will be final as to the defendant prior to sentencing. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any

- 4 -

and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

CHRISTOPHER GOODSON further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If CHRISTOPHER GOODSON fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that CHRISTOPHER GOODSON has intentionally failed to disclose assets on his Financial Disclosure Statement, CHRISTOPHER GOODSON agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Immigration Consequences

CHRISTOPHER GOODSON understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. CHRISTOPHER GOODSON understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. CHRISTOPHER GOODSON wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. CHRISTOPHER GOODSON understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, CHRISTOPHER GOODSON waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

- 5 -

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against CHRISTOPHER GOODSON. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service, Immigration and Customs Enforcement, and the SEC) or any third party from initiating or prosecuting any civil or administrative proceeding against CHRISTOPHER GOODSON.

No provision of this agreement shall preclude CHRISTOPHER GOODSON from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that CHRISTOPHER GOODSON received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between CHRISTOPHER GOODSON and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By:   DAVID FEDER
        ZACH INTRATER
Assistant U.S. Attorneys

APPROVED:

PAUL MURPHY
Chief, Economic Crimes Unit

- 6 -

I have received this letter from my attorney, John C. Whipple, Esqs. I have read it. My attorneys and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                    Date: _____
CHRISTOPHER GOODSON


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                    Date: 7/23/18
John C. Whipple, Esq.

- 7 -

Plea Agreement with CHRISTOPHER GOODSON

Schedule A

1. This Office and CHRISTOPHER GOODSON recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and CHRISTOPHER GOODSON nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence CHRISTOPHER GOODSON within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and CHRISTOPHER GOODSON further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2016, applies in this case.

3. The parties agree that the applicable Guidelines are U.S.S.G. § 2X1.1 (conspiracy) and § 2B1.1 (fraud crime).

4. The Base Offense Level is 7.

5. Because the aggregate loss reasonably foreseeable to CHRISTOPHER GOODSON resulting from the conspiracy to commit bank fraud was more than $1,500,000, but not more than $3,500,000, pursuant to § 2B1.1(b)(1)(I), this results in an increase of 18 levels.

6. Specific Offense Characteristic § 2B1.1(b)(16)(A) applies because CHRISTOPHER GOODSON derived more than $1,000,000 from one or more financial institutions as a result of the offense. This results in an increase of 2 levels.

7. Specific Offense Characteristic § 3B1.1(c) applies because CHRISTOPHER GOODSON was an organizer, leader, manager, or supervisor of the criminal activity charged in the Information. This results in an increase of 2 levels.

8. The total Guidelines offense level for is therefore 27.

9. As of the date of this letter, CHRISTOPHER GOODSON has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if CHRISTOPHER GOODSON's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

10. As of the date of this letter, CHRISTOPHER GOODSON has assisted authorities in the investigation or prosecution of his own misconduct by timely

- 8 -

notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in CHRISTOPHER GOODSON's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met:  (a) CHRISTOPHER GOODSON enters a plea pursuant to this agreement, (b) this Office in its discretion determines that CHRISTOPHER GOODSON's acceptance of responsibility has continued through the date of sentencing and CHRISTOPHER GOODSON therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) CHRISTOPHER GOODSON's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

11.  In accordance with the above, the parties agree that the total Guidelines offense level applicable to CHRISTOPHER GOODSON is 24 (the "agreed total Guidelines offense level").

12.  The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

13.  CHRISTOPHER GOODSON knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 24. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 24. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

14.  Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ, or motion not barred by the preceding paragraph.